**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

George von Brugger, individually and on behalf of other similarly situated individuals,

Plaintiff,

v.

Jani King, of Minnesota, Inc., Jani-King, Inc., and Jani-King International Inc.,

Defendant.

Case No.:________________

**COLLECTIVE ACTION COMPLAINT (JURY TRIAL DEMANDED)**

---

Plaintiff George von Brugger ("Plaintiff") brings this action, on behalf of himself and all other similarly situated individuals, as a collective action against Defendant Jani-King of Minnesota, Inc., Jani-King, Inc., and Jani-King International Inc. for damages and other related relief due to Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

**PRELIMINARY STATEMENT**

1. This case is about Defendants' willful and systematic failure to pay overtime wages to their "Assistant Operations Manager" and "Operations Manager" as well as other employees with similar job titles, because Defendants misclassified these individuals as exempt from the overtime laws.

2. Defendants pay their so-called "Assistant Operations Manager" and "Operations Managers" on a salaried basis and failed to pay them overtime wages when they worked more than a forty hour workweek in reality as a "customer service representative" for the cleaning service contractors instead of an "Operations Manager" or "Assistant Operations Manager."

3. Plaintiff brings this proposed collective action against Defendants on behalf of all individuals who have worked for Defendants as customer service representatives for the corporate clients and trainers for the cleaning contractors but were intentionally misclassified as Operations Manager" or "Assistant Operations Manager" and on behalf of all other employees that have held similar job titles, duties, and responsibilities at any time within three years prior to the date this Complaint is filed through the present.

4. This action is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") for failure to pay federally mandated overtime compensation.

5. Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint in violation of the federal rights of Plaintiff and others similarly situated individuals.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA, 29 U.S.C. § 201 et seq.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this district and Defendant Jani-King of Minnesota Inc., is located at 5930 Shingle Creek Parkway Brooklyn Center, MN 55430.

## PARTIES

### Plaintiff

8. Plaintiff von Brugger is an adult resident of the State of Minnesota. Plaintiff worked for Defendants in several positions including most recently a customer service representative for the cleaning service contractors, but he was intentionally misclassified as "Operations Manager"/"Assistant Operations Manager." Plaintiff worked at the Minnesota Regional Office from March of 1996 until August of 2012. For the last approximately 8 years, that office has been located at 5930 Shingle Creek Parkway Brooklyn Center, Minnesota. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to the FLSA claims asserted in this action. Plaintiff signed consent form is attached as Exhibit A.

9. Plaintiff and other similarly situated employees are current and former "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e). Plaintiff, and all similarly situated employees, reported into the Director of Operations or Regional Directors for their office.

10. All facts and allegations made by Plaintiff in this Complaint are also stated, upon information and belief, as to all similarly situated former and present employees.

Therefore, all further references in this Complaint to "Plaintiff" is also a reference to all similarly situated individuals, unless otherwise stated.

**Defendants**

11. Defendant Jani King, of Minnesota, Inc. is a Texas corporation with its principal place of business at 5930 Shingle Creek Parkway Brooklyn Center, MN 55430. It in fact operated as a regional office of Jani King, Inc.

12. Defendants Jani-King, Inc. and Jani-King International, Inc. have offices in many states. Jani-King, Inc. and Jani-King International Inc., have corporate offices located at 16885 Dallas Parkway Addison, TX 75001 and their Management not only directs the operations of Jani-King, of Minnesota, Inc., but they also provide significant support and Management services to the other Jani-King regional offices.

13. The three Defendants operate as joint employers since: they share the employees' services; the employers are associated with respect to the employees' employment and share control of the employees, directly or indirectly. Jani-King International, Inc. is the parent corporation of Jani King, Inc., and they both control the day to day operations of Jani-King of Minnesota, Inc.

14. Defendants are in the business of operating and franchising comprehensive cleaning businesses. It is engaged in interstate commerce by, among other things, supervising the performance of janitorial work in buildings where goods are produced for

shipment outside the State including Minnesota. Defendants' Jani-King, Inc. and Jani-King International, Inc.'s businesses are conducted on a nation-wide basis.

15. Defendants' gross annual sales made or business done has been $500,000 or greater for each of the three named Defendants.

16. Defendants all shared responsibility for implementing, managing, and enforcing company employee policies and for directly managing Plaintiff and similarly situated employees on behalf of Jani-King. Inc.

17. Defendants' are Plaintiff's "employers" as defined by the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

19. Defendants are in the business of operating and franchising comprehensive cleaning businesses and they collect revenue from the franchisees that they support.

20. Plaintiff worked for Defendants as an Assistant Operations Manager/Operations Manager and/or a similar job title, within the past three years. As an Assistant Operations Manager/Operations Manager Plaintiff's, and all similarly situated employees', principal and primary job duties were, in part, to: provide customer service for the franchisees as well as corporate clients; in addition to training of new franchisees/ owners; resolving cleaning complaints; offering cleaning contracts to franchise owners to

new clients; and replacing franchise owner if the client requested the replacement [at the direction of his superiors] and making sure that all client complaints concerning franchisees were resolved to ensure customer satisfaction.

21. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees, such as customer service representatives, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

22. Defendants intentionally mis-classified Plaintiff, and similarly situated employees, as exempt "Operations Manager" or "Assistant Operations Manager" employees and then paid them as salaried employees instead of as non-exempt customer service hourly employees.

23. Defendants regularly required Plaintiff and similarly situated employees to work more than forty hours in a workweek without paying them any overtime compensation.

24. Defendants knew that Plaintiff regularly worked more than forty hours in a workweek without receiving overtime compensation.

25. Defendants were fully aware that Plaintiff, and similarly situated employees, engaged in before-hours and after-hours work since all work-assignments came through Defendants.

26. Defendants' regional management monitored and maintained close oversight over Plaintiff's, and other similarly situated employees' schedules and monitored the time these employees spent on-and off-site at Defendants' customers' places of business as well as in the Local Franchisor's Offices.

27. Plaintiff and similarly situated co-workers were required by Defendants to work overtime hours in order to fulfill their job duties both at the Corporate Franchisor's Offices and at customers' place of business. Their work responsibilities included but were not limited to travel time and other job responsibilities required to do their jobs.

28. Defendants failed to accurately record and preserve records of all hours worked by Plaintiff to precisely determine his wages and hours worked.

29. Defendants operated under a scheme to deprive Assistant Operations Managers or Operations Managers and employees in similar job titles of compensation by mis-classifying them as exempt and by failing to make and preserve accurate records of their hours worked.

30. Defendants knew or should have known that Plaintiff and the similarly situated co-workers performed work that required overtime pay.

31. Plaintiff and the similarly situated individuals, did not Manage employees and he/they excised no independent discretion as to matters of significance within the organization.

32. Plaintiff and the similarly situated coworkers regularly used instrumentalities of interstate commerce in his work for the out of state Companies that directed the operations of the Jani-King Minnesota. Plaintiff's day-to-day work was also monitored out of Texas. The Corporate Headquarters of the three Defendants are all located in the Dallas, Texas area, and the Chief Officers of the three Defendants are all located in Texas.

33. Defendants' overtime pay violation conduct has been widespread, repeated and consistently applied to Plaintiff and all similarly situated employees.

34. Defendants' conduct was willful and in bad faith, and has caused significant damages to Plaintiff and all other similarly situated employees.

35. Upon information and belief, there are numerous individuals who have also been denied overtime pay by Defendants' FLSA violations, and who would benefit from court-supervised notice of this lawsuit and the opportunity to join. These similarly situated individuals are known to Defendants and are readily identifiable through Defendants' employment records.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

37. Plaintiff files this action on behalf of himself and all individuals similarly situated (the "Collective Class"). The proposed Collective Class is defined as follows:

All persons who worked as Assistant Operations Managers or Operations Managers or similar job titles for Defendants at any time three years prior to the date this Complaint is filed through the present.

38. Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will also sign consent forms and join as Plaintiffs.

39. Plaintiff is a victim of Defendants' widespread and systematic illegal policies that have resulted in violations of Plaintiff's and similarly situated employees' rights under the FLSA, 29 U.S.C. § 201 et seq. Defendants' illegal and improper conduct has caused significant damage to these Plaintiffs.

40. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et. seq*., as described in this Complaint by, among other things, failing to pay employees proper overtime compensation.

41. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and all other similarly situated employees. Accordingly, notice should be sent to the Collective Class.

43. Upon information and belief, there are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' systematic

common policies and plans, and who would benefit from court-supervised notice and the opportunity to join this lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' employment records.

## CAUSES OF ACTION
## UNPAID OVERTIME AND OTHER FLSA VIOLATIONS
**(Fair Labor Standards Act, 29 U.S.C. § 207)**
*On Behalf of Plaintiff and the Collective Class*

44. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

45. The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of forty per workweek at a rate not less than one and one-half times their regular hourly rate of pay.

46. Plaintiff consistently worked more than forty hours per week for Defendants.

47. Because of Defendants' systematic policy and practice of classifying their "Assistant Operations Managers" or "Operations Managers" and employees with similar job titles as exempt and also paying them as salaried employees, Defendants did not pay Plaintiff, and other similarly situated employees, the overtime pay that they were owed under the FLSA for all hours exceeding 40 in a workweek.

48. Defendants' conduct as alleged in this Complaint constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

49. Defendants have also violated the FLSA by failing to accurately record and preserve employment records of hours worked by Plaintiff and similarly situated employees, and thus failed to make and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class are entitled to damages, liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

15. **WHEREFORE,** Plaintiff, individually and on behalf of others similarly situated employees, prays for relief as follows:

A. Designate this action as a collective action on behalf of the Collective Class and promptly issue notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective Class to apprise them of this pending action and permit them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendants, finding that they misclassified Plaintiff and those similarly situated as exempt;

C. Judgment against Defendants for an amount equal to Plaintiff and the similarly situated employees' unpaid back wages at the applicable overtime rates;

D. Judgment against Defendants for violating the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and those similarly situated;

E. A finding that Defendants' violations of the FLSA are willful;

F. An award of liquidated damages to Plaintiff and those similarly situated;

G. An award of prejudgment interest to Plaintiff and those similarly situated (to the extent liquidated damages are not awarded);

H. An award of all attorneys' fees and cost incurred by Plaintiff and those similarly situated in pursuing this action;

I. Leave to add additional plaintiffs by motion, by way of filing written consent forms, or by any other method approved by the Court;

J. Leave to amend to add claims under applicable state laws; and,

K. All further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated, demands a trial by jury.

Dated: 1/2/13

**JONES SATRE & WEIMER, PLLC**

Eric D. Satre, MN Bar No. 183015
7900 Xerxes Avenue South
820 Wells Fargo Plaza
Bloomington, MN 55431
Telephone (952) 820-8400
Facsimile (952) 820-8410
esatre@jonessatre.com
**ATTORNEYS FOR PLAINTIFF**