## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| George von Brugger, | **Civil No. 13-CV-00005 (JNE/FLN)** |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| Jani-King of Minnesota, Inc., and Jani-King Inc., and Jani-King International, Inc. | |
| Defendants. | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Jani-King of Minnesota, Inc., Jani-King, Inc., and Jani-King International, Inc. ("Defendants") respond to Plaintiffs' Collective Action Complaint as follows. Defendants deny each and every allegation of the Complaint unless specifically admitted or otherwise qualified below.

### PRELIMINARY STATEMENT

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants state that they are uncertain as to what Plaintiff seeks to bring in terms of a collective action, and therefore deny the allegations contained in Paragraph 3 of the Complaint.

1

4.      As to Paragraph 4, Defendants admit that Plaintiff brings this action collectively under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendants deny the other allegations contained in Paragraph 4.

5.      Defendants deny the allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6.      With respect to Paragraph 6, Defendants admit this Court has original jurisdiction under 28 U.S.C. § 1331 to hear and adjudicate Plaintiff's claims.

7.      As to Paragraph 7, Defendants admit Defendant Jani-King of Minnesota, Inc. maintains an office at 5930 Shingle Creek Parkway Brooklyn Center, MN 55430. Defendants deny that venue is proper under 28 U.S.C. § 1391 to the extent that Plaintiff seeks to certify a national collective action regarding all salaried Assistant Operations Managers and Operations Managers employed at Jani-King regional affiliates throughout the United States.

## PARTIES

8.      With respect to the allegations of Paragraph 8 of the Complaint, Defendants admit that Plaintiff George von Brugger was an employee of Defendant Jani-King of Minnesota, Inc. from approximately March 1996 to August 2012; admit that Jani-King of Minnesota, Inc. maintains an office at 5930 Shingle Creek Parkway, Brooklyn Center, MN 55460; deny that Plaintiff was employed as a "customer service representative"; and states that Defendants lack information sufficient to form a belief as to the truth of the allegations concerning von Brugger's state of residence or whether he has consented in

2

writing to be a party to this action, and therefore deny those allegations in Paragraph 8 of the Complaint.

9.        With respect to the allegations in Paragraph 9 of the Complaint, Defendants admit that Plaintiff George von Brugger is a former employee of Defendant Jani-King of Minnesota, Inc.; state that the allegations regarding the FLSA's definition of "employee" set forth allegations of law to which no responsive pleading is required; and deny the remaining allegations in Paragraph 9 of the Complaint.

10.        With respect to Paragraph 10, Defendants deny any allegation that the purported claims contained within the Complaint are representative of a similarly situated class of individuals. Defendants further deny all allegations that any valid claims exist. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11.        Defendants admit that Jani-King of Minnesota is a Texas corporation. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.        With respect to the allegations contained in Paragraph 12, Defendants admit that Defendants Jani-King, Inc. and Jani-King International, Inc. have corporate offices located in Addison, TX.  Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.        Defendants admit that Jani-King International, Inc. is the parent corporation of Jani-King, Inc.  Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.        Defendants admit that Jani-King of Minnesota, Inc. is in the business of franchising cleaning businesses, and further admit that Jani-King International, Inc.'s

3

business is conducted on a nation-wide basis.  Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.      Defendants state that it can neither admit nor deny the allegations in Paragraph 15 of the Complaint because Paragraph 15 appears to be an incomplete sentence.

16.      Defendants deny the allegations in Paragraph 16 of the Complaint.

17.      With respect to Paragraph 17, Defendants admit that Jani-King of Minnesota, Inc. was an  "employer" of George von Brugger within the meaning of FLSA 29 U.S.C. § 203(d).   Defendants deny that either Jani-King, Inc., or Jani-King International, Inc. was an "employer" of George Von Brugger, and Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

## FACTUAL ALLEGATIONS

18.      With respect to Paragraph 18 of the Complaint, Defendants incorporate by reference all admissions and denials to Plaintiff's allegations in the preceding paragraphs.

19.      With respect to Paragraph 19 of the Complaint, Defendants admit that Jani-King of Minnesota, Inc. collects revenue from franchisees and is in the business of franchising cleaning businesses.  Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.      Defendants admit that Plaintiff was employed as an Assistant Operations Manager with Jani-King of Minnesota, Inc., and was from time to time referred to as an Operations Manager.  As to the job duties identified, Defendants state that this is a partial

4

and argumentative depiction of Plaintiff George von Brugger's job duties, and deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendants state that the allegations in Paragraph 21 of the Complaint are allegations of law to which no responsive pleading is required.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     With respect to Paragraph 26 of the Complaint, Defendants admit that Plaintiff's supervisors monitored Plaintiff's work, particularly when it had occasion to question the veracity of Plaintiff's representations to Defendants regarding his work activities.

27.     With respect to Paragraph 27 of the Complaint, Defendants deny that Plaintiff was required to work "overtime" and therefore deny the first sentence of Paragraph 27 of the Complaint.  As to the second sentence of Paragraph 27, Defendants admit that Plaintiff George von Brugger's job responsibilities required him to travel and further admit that he had other job responsibilities.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     With respect to Paragraph 32 of the Complaint, Defendants admit that the corporate headquarters and officers of Defendants are located in Texas.  Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36.     With respect to Paragraph 36 of the Complaint, Defendants incorporate by reference all admissions and denials in the preceding paragraphs.

37.     With respect to Paragraph 37 of the Complaint, Defendants admit that Plaintiff has filed this present action as a collective action. To the extent that the Collective Class description contained in Paragraph 37 alleges liability on behalf of Defendants, or suggests that the description describes an appropriate putative class, Defendants deny those allegations.

38.     Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny them.

39.     Defendants deny the allegations contained in Paragraphs 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

dms.us.51550437.01

## CAUSE OF ACTION

## UNPAID OVERTIME AND OTHER FLSA VIOLATIONS

44.        With respect to Paragraph 44 of the Complaint, Defendant incorporates by reference all admissions and denials in the preceding paragraphs.

45.        Defendants state the Paragraph 45 of the Complaint alleges conclusions of law to which no responsive pleading is required.

46.        Defendants deny the allegations in Paragraph 46 of the Complaint.

47.        Defendants deny the allegations in Paragraph 47 of the Complaint.

48.        Defendants deny the allegations in Paragraph 48 of the Complaint.

49.        Defendants deny the allegations in Paragraph 49 of the Complaint.

50.        Defendants deny the allegations in Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

1.        Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.        Plaintiff is an exempt administrative employee within the meaning of 29 U.S.C. § 213(a)(1).  Other persons incorporated within the class definition in Plaintiff's Complaint are exempt executive employees within the meaning of 29 U.S.C. § 213(a)(1).

3.        Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

dms.us.51550437.01

4.      Plaintiff's claims cannot properly be joined with the claims of any potential opt-in plaintiffs or putative class members.

5.      Plaintiff is not similarly situated to the other members of the purported class, and has not alleged sufficient facts to justify any class or collective action.

6.      Allowing this action to proceed as a class or collective action would violate Defendants' rights to a jury trial and to due process.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, offset, release, setoff, and/or accord and satisfaction.

8.      Plaintiff lacks standing to bring claims on behalf of, and may not represent, putative collective action members, in whole or in part, with respect to the asserted collective action claims.

9.      Plaintiff's claims are barred to the extent he has failed to mitigate any alleged damages or otherwise avoid harm.

10.      To the extent Plaintiff and other allegedly similarly situated employees were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claims for unpaid compensation.

11.      Plaintiff has sustained no damages or, if any, *de minimis* damages, which are not actionable under the federal laws alleged in Plaintiff's Complaint.

12.      Defendants have at all times acted in good faith, without willful intent to violate any statute, and have (and had) reasonable grounds for believing that any alleged actions and omissions were not in violation of the FLSA.

dms.us.51550437.01

13.     To the extent any of Defendants' alleged actions or omissions were unlawful, which Defendants expressly deny, no such actions or omissions constitute a willful violation but, rather, were done in good faith, based on a reasonable belief that such action or omission was in conformity with the law, and in reliance on the law.

14.     Plaintiff's claims and those of putative collective action members are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA.

15.     To the extent Plaintiff's claims rely on 29 U.S.C. §§ 211(c) and 211(a)(5), such claims are barred because there is no private right of action to enforce the recordkeeping provisions of the FLSA.

16.     Jani-King, Inc. and Jani-King International, Inc. are not (and were not) the employer or the joint employer of Plaintiff and, therefore, are improperly-named defendants in this case.

17.     To the extent Plaintiff seeks to certify a national class involving employees of Jani-King regional affiliates throughout the United States, Plaintiff has failed to join all indispensable parties.

18.     To the extent Plaintiff seeks to certify a national class involving similarly situated employees of Jani-King regional affiliates throughout the United States, this Court lacks personal jurisdiction over all indispensible parties and, therefore, this action is not properly before this Court.  Pursuant to Federal Rule of Civil Procedure 12(h)(1), by raising this defense in their Answer, Defendants have preserved their right to request dismissal of Plaintiff's case for lack of personal jurisdiction.

19.     Plaintiff's claims have been filed in an improper forum and/or a *forum non conveniens.*

20.     Plaintiff's claims as to Jani-King, Inc. and Jani-King International, Inc. are not properly before the court due to insufficient process, insufficient service of process, and lack of personal jurisdiction.

Respectfully submitted,

Dated:   February 6, 2013                     FAEGRE BAKER DANIELS LLP

                                              s/ Colton D. Long
                                              Charles F. Knapp, #220371
                                               *chuck.knapp@faegrebd.com*
                                              Colton D. Long,  #039240
                                               *colton.long@faegrebd.com*

                                              2200 Wells Fargo Center
                                              90 South Seventh Street
                                              Minneapolis, MN  55402-3901
                                              (612) 766-7000

                                              Attorneys for Defendants

dms.us.51550437.01